Shirley Weiss, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued August 24, 1981, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Herbert W. Salus, Jr.,* with him *Mitchell A. Kramer, Kramer & Salus,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

PER CURIAM, September 16, 1981:

The claimant, a Local Registrar, Department of Vital Statistics of the Pennsylvania Department of Health, wrote to her superior a letter dated April 5, 1979, pertinently as follows:

This is to inform you that as of Monday, April 9, at 12 noon I, as Registrar of Vital Statistics, will begin a strike against the Commonwealth of Pennsylvania, Department of Health, Division of Vital Statistics. I have held this job for over seven and one-half years. In the seven and one-half years of my employment I have never received an increase in salary nor any benefits afforded to other state employees, legislators and senators.

The whole thing is absolutely absurd. I am now striking for the following:

1. Job security

2. Health benefits (Blue Cross, Blue Shield and Major Medical)

3. Dental benefits

4. Office supplies and equipment to be paid for by the Department of Health (I pay my own expenses)

5. One full-time Deputy Registrar to be paid for by the Department of Health

6. Paid vacation

7. Holidays—office to be closed and paid for

I don't think that any of the above requests are unreasonable nor unfair. In seven and one-half years of employment I have received none

of the above. Your immediate reply to my demands would be appreciated.

Commencing at the appointed hour, the claimant refused to perform some of the duties of her office. She was discharged from her employment on April 10.

On this, the occasion of her appeal from a decision of the Board of Review that she was ineligible for unemployment compensation by reason of her willful misconduct, the claimant contends that the Board's order should be reversed (1) because the Board made no specific finding that the claimant's solo strike action was without reasonable cause, (2) because the claimant had once before either "struck" or threatened to and was not disciplined, and (3) because the record does not support the finding that the claimant failed to perform some of her duties as she threatened she would. None of these contentions has the slightest merit.

Order affirmed.

### ORDER

AND Now, this 16th day of September, 1981, the order of the Unemployment Compensation Board of Review dated June 30, 1980, is affirmed.